David **MULLINS**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 96–SC–836–DG.

Supreme Court of Kentucky.

Nov. 20, 1997.

Mark Wettle, Appellate Public Defender, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment of conviction based on a jury verdict which found Mullins guilty of third-degree sodomy. He was sentenced to four years in prison.

The issue is whether KRS 620.050(2), which abrogates the marital privilege in child abuse cases, was properly applied in this proceeding. Other questions presented involve the propriety of testimony about the emotional reaction of the victim and whether the victim was currently seeing a social worker for treatment.

Mullins' wife found him engaged in acts of sodomy with a 14–year–old babysitter. The wife telephoned police from a neighbor's home and gave testimony against her husband to the grand jury. By the time of trial, both Mullins and his wife claimed the husband and wife privilege. The trial judge ruled that the wife waived her privilege pursuant to KRE 509 by giving statements concerning the incident and that Mullins had waived his privilege by waiting until the trial date to claim the privilege. The Court of Appeals did not consider the soundness of the rulings of the trial judge as to waiver, but affirmed the conviction on other grounds stating that KRS 620.050(2) declares that the husband and wife privilege is inapplicable in a criminal proceeding regarding a dependent, neglected or abused child. The Court of Appeals affirmed the conviction, and this Court accepted discretionary review.

Mullins argues that the Court of Appeals erred when it applied the rules of statutory construction to hold that an act of the General Assembly overrides a duly adopted rule of the Court of Justice and that the Court of Appeals amended KRE 504 to include an exception not contained in the rule and thereby violated KRE 1102. Mullins claims that the Constitution of Kentucky vests this Supreme Court with the exclusive power to amend the rules of practice and procedure, and this Court has specified in KRE 1102 the procedure for amendment of the rules of evidence. Mullins further contends that he was substantially prejudiced when the trial judge, in violation of KRE 402 and 403, admitted into evidence testimony that after the alleged incident the victim spent one week in a hospital mental ward and that the victim was currently seeing a social worker for treatment.

The Commonwealth responds stating that the statute abrogating the marital privilege in cases of child abuse was properly applied and that the testimony concerning the victim's emotional reaction and treatment was relevant, and it should not be confused with "syndrome" evidence, and that in any event, any error was clearly harmless.

I

█ KRS 620.050 does not permit the exclusion of evidence because of a marital privilege in a case regarding an abused child. The statute was properly applied in this case. The statute is not an amendment or addition to the rules of evidence or the rules of Court or the Kentucky Constitution. KRE 501 limits privileges allowed to witnesses as follows:

Except as otherwise provided by Constitution or statute or by these or other rules promulgated by the Supreme Court of Kentucky, no person has a privilege to: 1) Refuse to be a witness . . .

The Kentucky rules of evidence were adopted by the Supreme Court of Kentucky and the General Assembly in separate actions over a two-year period. This Court adopted so much of the Kentucky Rules of Evidence enacted by House Bill 241 of the General Assembly as comes within the rule-making power of the Court of Justice pursuant to Kentucky Constitution Section 116. The order was entered May 12, 1992. Although labeled "rules", the elements of the Kentucky Rules of Evidence were enacted as statutes by the General Assembly and originally codified as KRS Chapter 422A in 1990. The rules of evidence were renumbered by the reviser of statutes as of July 1, 1992 to complete the process. It represented a joint effort of both branches of government in which this Court extends comity to the action of the General Assembly, and the General Assembly recognizes the authority of this Court in the area of evidence.

Here, this Court and the Court of Appeals are interpreting the application of a statute of the General Assembly. The Court of Appeals properly interpreted a statute that was enacted for a separate and distinct purpose from KRE 504. Chapter 620 of the Kentucky Revised Statutes relates to the treatment of dependent, neglected and abused children. KRS 620.050 abrogates the professional-client/patient privilege, as well as the marital privilege, if it is used in the case of dependent, neglected or abused children. We find no constitutional or procedural fault with the legislation. The interpretation of the statute by a Court does not revise KRE 504 in any way. There is no violation of the

amendment procedure provided by KRE 1102.

■ The argument raised by Mullins in regard to the Kentucky Constitution is unconvincing. The General Assembly may legislate in order to protect children, and it may determine that children's rights are paramount when there is a conflict with the privilege of an adult to exclude evidence regarding the abuse, dependency or neglect of a child. KRS Chapter 620 meets the legislative purpose of safeguarding the interests of children. The statute does not interfere with a judicial function, but rather it enhances it by refusing to allow a shield to a child abuser in the form of the husband-wife privilege and thereby improves the truth-finding function of the judicial process.

The exceptions provided in KRE 504(c)(2) reflect the fact that the marital privilege is considered by many to be in disfavor as a result of abuses which prevent ascertaining the truth. The privilege exists only to protect marital harmony. *Estes v. Commonwealth*, Ky., 744 S.W.2d 421 (1987), is a pre-evidence Code case which was decided pursuant to KRS 421.210, the predecessor to the current KRE 504. *Estes, supra*, is a review of the marital privilege exception in general under the former statute.

The courts have approached the privilege by narrowly and strictly construing it because it has the potential for shielding the truth from the court system. Many courts have determined that when the reason supporting the privilege, marital harmony, no longer exists, then the privilege should not apply to hide the truth from the trier of fact. *People v. Butler*, 430 Mich. 434, 424 N.W.2d 264 (1988); *United States v. Ryno*, 130 F.Supp. 685 (S.D.Cal.1955); *State v. Vicars*, 207 Neb. 325, 299 N.W.2d 421 (1980); *State v. Briley*, 53 N.J. 498, 251 A.2d 442 (1969); *State v. Willette*, 421 N.W.2d 342 (Minn.App. 1988); *United States v. Allery*, 526 F.2d 1362 (8th Cir.1975).

■ In addition, one of the responsibilities of this Court is to harmonize the law so as to produce a consistent result. KRE 504 and KRS 620.050 are not in conflict, and there is simply no reason why they cannot be applied uniformly and consistently in harmony with each other. Clear and unambiguous words in any written document are to be enforced as written. Here, the language is clear. The relationship between the Kentucky Rules of Evidence and the Kentucky Revised Statutes and the priority established is suitable. Any consideration of statutory construction indicates that KRS 620 and the decisions of the Court of Justice follow the language of KRS 446.080 that all statutes shall be liberally construed with a view to promote their objects and carry out the intent of the legislature. The decision of the Court of Appeals and our affirmation thereof are entirely consistent with KRS 447.154 which provides that no act creating, repealing or modifying any statute shall be construed directly or by implication to limit the right of the Court of Justice to promulgate rules from time to time or to supersede, modify or amend any rule so promulgated. The statute does not limit in any manner the authority of the Court of Justice to make rules governing practice and procedure in the courts. Although the situation here does not involve two statutes bearing on the same subject, we find the language of *Commonwealth v. International Harvester Co.*, 131 Ky. 551, 115 S.W. 703 (1909), instructive in that it notes that the first duty of the court called upon to construct such statutes is to construe them so as to harmonize and allow both to stand, "such methods of construction are always for the sole purpose of arriving at the legislative intention." *Id.* at 562, 115 S.W. at 707. We agree and find comparison to the situation presented here to be helpful.

Marital harmony can hardly be a valid legal principle when the wife in question calls the police to report the alleged sexual misdeeds of her husband with a child. The marital privilege is subordinate or inferior to the right of a child to be free from sexual abuses. Comity should be extended to the legislative intent as expressed by the statute. *See Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987), for a general review of the principles of comity.

## II

■ Mullins claims that it was reversible error for the mother of the victim to testify

that the victim was placed in the psychiatric ward of a hospital after the incident, and since that time has been receiving counseling treatment from a psychiatrist and a counselor. The Court of Appeals determined that the testimony was irrelevant as well as improper "child sexual abuse accommodation" evidence. Mullins contends that he was substantially prejudiced by this type of evidence.

We find the Court of Appeals discussion in regard to this question to be interesting dicta but unnecessary to decide this case. A review of the trial record indicates there was no hearsay testimony admitted, no scientific evidence, no expert testimony and no syndrome evidence, the kind of which has been previously disapproved by this Court. The objection at trial was to the relevance of the testimony of the conduct of the victim that contributed to the decision to admit her to the hospital. The Court of Appeals correctly determined that the alleged error in the testimony of the social worker was not properly preserved for appellate review. RCr 9.22. We agree with the conclusion by the Court of Appeals that the error, if any, was totally harmless. RCr 9.24.

Mullins has failed to demonstrate that any undue prejudice resulted from the evidence admitted by the trial judge. The trial judge correctly determined that the evidence was more probative than prejudicial. Whether to admit or exclude evidence to ensure the fairness of a trial is within the discretion of the trial court, and its determination will not be overturned on appeal in the absence of a showing of an abuse of such discretion. *See Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988).

Testimony regarding the emotional distress of the victim and the need for counseling is relevant. *Simpson v. Commonwealth*, Ky., 889 S.W.2d 781 (1994). It was probative of the fact that the victim did not consent to the act. The trial judge correctly applied a balancing test and recognized that evidence should be excluded where the inflammatory effect clearly outweighs the probative value. Our review of the record indicates that there was no undue prejudice.

The Court of Appeals did not commit reversible error when it applied the rules of statutory construction to the effect that the marital privilege can be overridden in a case of child sexual abuse. There was no violation of KRE 1102, the Constitution of Kentucky or the rules of practice and procedure of this Court. Mullins was not unduly prejudiced by any of the testimony admitted into the record.

It is the holding of this Court that pursuant to KRS 620.050, the husband and wife privilege does not apply to testimony in a criminal trial involving dependent, neglected and abused children. There is no conflict between the statute and the rules of this Court. The judicial interpretation of the statute does not otherwise alter, revise or amend any part of KRE 504.

The decision of the Court of Appeals and the judgment of conviction are affirmed.

COOPER, GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and LAMBERT and STUMBO, JJ., concur in result only.