RENDERED: MAY 29, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0367-MR


COMMONWEALTH OF KENTUCKY APPELLANT


v.
FROM MONTGOMERY CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 24-CR-00079


KENDALL DAUGHERTY APPELLEE

AND


NO. 2025-CA-0752-MR


COMMONWEALTH OF KENTUCKY APPELLANT


v.
FROM MONTGOMERY CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 24-CR-00079


KENDALL DAUGHERTY APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: In this consolidated appeal, the Commonwealth appeals from two orders of the Montgomery Circuit Court, one which allowed Kendall Daugherty to invoke the spousal-testimony privilege at trial and one in which the trial court scheduled the underlying trial to begin while the first appeal was pending. We believe the trial court erred in allowing Appellee to utilize spousal privilege to block all testimony of his wife and we reverse and remand on this issue. It is our conclusion that Appellee waived this privilege by allowing his wife to testify during pre-trial proceedings. We also believe that the issue of scheduling the trial to begin during the pendency of this appeal is moot.

**FACTS AND PROCEDURAL HISTORY**

On May 24, 2024, Appellee was indicted for attempted murder[1] after he shot William Harris. Appellee called on his wife, Haley Daugherty, to testify during two pre-trial hearings. Ms. Daugherty was questioned by defense counsel and cross-examined by the Commonwealth on both occasions. The day before trial, Appellee made a motion seeking to prevent his wife from testifying at trial

---

[1] Kentucky Revised Statutes (KRS) 506.010 and KRS 507.020.

pursuant to the spousal privilege found in Kentucky Rules of Evidence (KRE) 504(a). KRE 504(a) states that "[t]he spouse of a party has a privilege to refuse to testify against the party as to events occurring after the date of their marriage. A party has a privilege to prevent his or her spouse from testifying against the party as to events occurring after the date of their marriage." The Commonwealth objected, but the trial court granted the motion. The Commonwealth then filed an interlocutory appeal.

While that appeal was pending, the trial court set Appellee's case for trial. The Commonwealth then appealed that order. The Commonwealth also filed a motion with this Court seeking to stay the trial until after the completion of the spousal privilege appeal. This Court granted that motion, and the criminal trial was stayed. This consolidated appeal followed.

## ANALYSIS

We will first address the appeal regarding the spousal privilege issue. The Commonwealth argues that the trial court erred in allowing Appellee to invoke spousal testimony privilege to prevent Ms. Daugherty from testifying at trial. The Commonwealth raises multiple arguments; however, we believe its argument regarding waiver is determinative of this appeal. The Commonwealth argues that by allowing his wife to testify during the two pre-trial hearings, Appellee waived his spousal testimony privilege. We agree.

-3-

We review a trial court's ruling regarding this privilege for abuse of discretion. *Meyers v. Commonwealth*, 381 S.W.3d 280, 283 (Ky. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Here, we believe the trial court abused its discretion when it prevented Appellee's wife from testifying at trial. KRE 509 states in relevant part that "[a] person upon whom these rules confer a privilege against disclosure waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privilege matter."

KRE 509 controls. Appellee consented to the disclosure of privileged matters by calling his wife as a witness in two pre-trial hearings. Ms. Daugherty was questioned by both defense counsel and the prosecution regarding the shooting and the events leading up to it. Although her testimony only lasted a few minutes during each hearing, she testified to facts surrounding the shooting; therefore, we believe that the spousal privilege was waived and it cannot prevent Ms. Daugherty from testifying to relevant matters regarding the shooting that are *adverse* to Appellee's position.

We emphasize the term adverse on purpose in this case. The trial court held that Ms. Daugherty could not testify as to any matters; however, the spousal testimony privilege is not a complete bar. The spousal testimony privilege

> neither applies to favorable testimony, nor to impeachment testimony. The spousal testimony privilege is, however, limited to testimony "against" the party-spouse. This is clear in the plain language of the rule. Whether testimony is "against" the party-spouse and thus privileged requires an inquiry into the individual facts to be elicited during the testimony of the non-party spouse.

*Lucas v. McDonald-Burkman*, 581 S.W.3d 20, 24 (Ky. 2019) (citation omitted). In other words, testimony that is "against" a party-spouse is testimony that is "truly adverse to the party-spouse[.]" *Id.* at 25. Testimony that is not adverse should not be excluded by the privilege. To determine what testimony could be excluded, a court would need to examine each individual question posed by an attorney to a spouse witness to determine if it would elicit an answer that is truly adverse to the other spouse. *Id.* at 25-26. Ms. Daugherty should have been permitted to testify to anything that was not adverse to Appellee.

The Commonwealth also argues that Appellee should not be allowed to invoke the privilege at all because the marriage between Appellee and Ms. Daugherty is failing and will likely not survive.[2] Citing to *Mullins v.*

---

[2] Evidence in the record indicates that Appellee has threatened to kill Ms. Daugherty and the couple is heading toward divorce.

*Commonwealth*, 956 S.W.2d 210 (Ky. 1997), the Commonwealth states that spousal privilege "exists only to protect marital harmony." *Id.* at 212. The Commonwealth argues that since the marriage between Appellee and Ms. Daugherty appears to be broken, there is no harmony to protect and Ms. Daugherty should be free to testify without restriction from the spousal privilege rule.

Spousal privilege under KRE 504(a) does not survive divorce. *Winstead v. Commonwealth*, 327 S.W.3d 386, 391 (Ky. 2010), *as modified* (Dec. 16, 2010), *as corrected* (Dec. 17, 2010). Should Appellee and Ms. Daugherty be divorced by the time this trial takes place, then Ms. Daugherty will be able to testify to any events surrounding the shooting; however, we decline to expand the negation of the privilege to periods of marital unrest. A divorce shows courts and the world at large that a marriage is over and no longer harmonious. If a marriage has a rough patch and is temporarily not harmonious, should the spousal privilege be negated during that period? What if the married couple reconcile before a divorce? Should a court be forced to examine the happiness of a marriage before allowing a spouse to invoke the spousal privilege? At this time, we will not negate the spousal privilege while the parties are still married.

Regarding the order being appealed which scheduled a date for Appellee's trial, we find the Commonwealth's argument is moot as this Court has previously entered an order staying the criminal trial.

## CONCLUSION

Based on the foregoing, we reverse and remand. The trial court erred when it allowed Appellee to invoke the spousal testimony privilege. This privilege was waived by Appellee when he permitted his wife to testify during pre-trial hearings; therefore, Ms. Daugherty can testify at trial.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

Ryan D. Mosley
Assistant Solicitor General
Frankfort, Kentucky


ORAL ARGUMENTS
FOR APPELLANT:

Ryan D. Mosley
Frankfort, Kentucky

Co-Counsel:

Shawn Chapman
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Gregory Coulson
Lexington, Kentucky


ORAL ARGUMENTS
FOR APPELLEE:

Rawl Douglas Kazee
Lexington, Kentucky