Julius Augusta WILLIAMS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 89–SC–323–MR.

Supreme Court of Kentucky.

June 6, 1991.

Gary E. Johnson, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Michael Harned, Asst. Atty. Gen., Ann Louise Cheuvront, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

The appellant was convicted by a McCracken County jury of first degree rape, first degree robbery and first degree burglary. He was sentenced to a twenty year term of imprisonment for each count, sentences to run consecutively. The appellant appeals his convictions as a matter of right.

The victim, an elderly woman who lives alone, answered a knock at her door on an afternoon in August, 1988. The man at the door requested some water for his vehicle. After closing the door to retrieve some water, the victim opened the door enough to give him the water. The man proceeded to push the door open while wielding a knife. Thereafter, he demanded money and the victim gave him all of the cash contained in her purse.

The assailant, while looking for more money, searched a drawer and handled a soap box contained therein. Thereafter, he forced the victim onto the bed and raped her. Upon leaving, he warned her to remain in the house for fifteen minutes.

The victim, unable to use the telephone since the wire had been cut, fled to a neighbor's house for help. The police responded, interviewing the victim and searching the house for evidence. Later that day, the victim looked through some mug shot photograph books and identified the appellant as the assailant.

The police obtained the soap box during their search, and at the lab discovered a latent fingerprint. The fingerprint on the soapbox lid was analyzed and proved to match one of the prints on appellant's fingerprint card. Further evidence showed both the victim and the appellant to be blood group A secretors.

The first and second allegations of error are that the trial court committed reversible error by allowing appellant's mug shot photograph and his fingerprint card to be introduced into evidence. At trial, the mug shot books were present in the courtroom and at least one book was shown to the victim during her testimony. Although the victim did not positively identify the appellant in the courtroom, she confirmed her prior identification of appellant's photograph as her assailant.

The mug shot photograph and the fingerprint card were not introduced into evidence until the appellant testified. The photograph, with all identifying information masked, was shown to the appellant and he confirmed that it was his photograph. Through a similar procedure, the Commonwealth introduced the fingerprint card into evidence by asking appellant to

identify his signature on the card. Thereafter, the court admonished the jury to consider the evidence only as relative to identification and not as to guilt.

■ The appellant argues that the introduction of the mug shot photograph and the fingerprint card unduly prejudiced him by allowing the jury to infer that he had a criminal history. See *Redd v. Commonwealth*, Ky.App., 591 S.W.2d 704 (1979). When mug shots are shown at the trial level, the probative value of the mug shot must outweigh the prejudicial effect. *Id.* at 708.

In *Redd*, the Court of Appeals adopted a three-prong test to determine the propriety of introducing mug shots at trial: "(1) the prosecution must have a demonstrable need to introduce the photographs; (2) the photos themselves, if shown to the jury, must not imply that the defendant had a criminal record; and (3) the manner of their introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs." *Redd, Supra*, at 708; *United States v. Harrington*, 490 F.2d 487, 494 (2d Cir., 1973).

■ The trial court, using its discretion, found that the Commonwealth demonstrated the need to introduce the mug shot in order to confirm the victim's positive identification of the appellant. Secondly, the photograph was masked in order to conceal all identifying information when shown to the jury. Lastly, following the introduction into evidence of the masked mug shot, the court admonished the jury as to its limited relevance. We find that the procedure employed at the trial court in introducing the mug shot into evidence complied with the *Harrington* three part test. Inasmuch that the fingerprint card was introduced into evidence in substantially the same manner, the card's introduction also complied with the *Harrington* test. *Harrington, Supra*, at 494. Therefore, finding no prejudicial error, we affirm appellant's convictions.

■ Appellant's final allegation of error is directed toward the penalty phase of his trial. First, the prosecutor made some opening comments explaining the possible terms of imprisonment, but declined to introduce any evidence. Thereafter, the appellant's counsel made the court aware of his intention to reveal appellant's prior criminal history, which consisted only of misdemeanor convictions. The Commonwealth objected arguing that the prosecution is vested with the exclusive right to introduce evidence of the appellant's prior criminal history. The court sustained the Commonwealth's objection stating that the appellant could only prove that he had no significant criminal history. KRS 532.055.

Appellant's counsel proceeded to ask appellant whether he had any prior felony convictions, to which the appellant answered in the negative. The Commonwealth then asked the appellant whether he was convicted for "beating [his] wife up," and read the accompanying complaint to the jury. The appellant admitted that he had entered a guilty plea on that charge. The prosecutor continued questioning the appellant as to certain other convictions concerning a theft and criminal trespassing. Thereafter, the court denied appellant's request to explain these prior misdemeanors.

The appellant argues that the trial court committed reversible error by preventing the appellant from introducing his prior misdemeanor convictions at the sentencing phase. He further alleges that the Commonwealth's manner of introducing the evidence gave the jury the inference that the appellant had lied previously when asked whether he had any prior felony convictions.

Kentucky's Truth-in-Sentencing statute is geared toward providing the jury with information relevant to arriving at an appropriate sentence for the particular offender. The section at issue provides that "[e]vidence may be offered by the *Commonwealth* relevant to sentencing including: (1) minimum parole eligibility, prior convictions of the defendant, both felony and misdemeanor." KRS 532.055(2)(a)(1) (emphasis added).

In *Boone v. Commonwealth*, 780 S.W.2d 615 (1989), we held that section of the

sentencing statute unconstitutional as a denial of appellant's right to due process. In *Boone* the evidence sought to be introduced by the appellant was that of minimum parole eligibility. *Boone, Supra,* at 616. We held that "[i]f 'Truth-in-Sentencing' is the objective sought by KRS 532.055, then either the defendant or the Commonwealth should be permitted to introduce evidence of minimum parole eligibility." *Id.*

Although *Boone* only spoke to the particular issue in that case, minimum parole eligibility, our holding specifically referred to the entire section of KRS 532.055(2)(a)(1) in requiring trial courts to permit the Commonwealth or the defendant to introduce such evidence. *Boone, Supra,* at 617. The trial court, in the case at bar, committed reversible error by denying the appellant his right to introduce such evidence.

We affirm the appellant's convictions and vacate his sentence. This case is remanded to the McCracken Circuit Court for resentencing consistent with this Opinion.

All concur.