Robert Scott ROBINSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–SC–721–MR.

Supreme Court of Kentucky.

April 25, 1996.

Rehearing Denied Aug. 29, 1996.

Russell J. Baldani, Baldani, Rowland &
Richardson, Lexington, for appellant.

A.B. Chandler, III, Attorney General, Cindy G. Schwartz, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

STUMBO, Justice.

Appellant was convicted by the Greenup Circuit Court of first-degree manslaughter and sentenced to twenty years' imprisonment. He appeals as a matter of right.

Appellant inflicted a vicious beating upon his girlfriend, which resulted in her death. He argues that two errors occurred during the sentencing phase of his trial, necessitating a new sentencing hearing.

■ Appellant argues first that the court erroneously admitted a certified, but not exemplified, computer printout from Ohio that not only listed alleged convictions, but charges that had been dismissed. This computer printout was admitted pursuant to KRS 532.055, which permits the Commonwealth to introduce the defendant's prior record for the jury to consider in imposing a sentence. Defense counsel objected to the accuracy of the printout, thus the error is preserved for appellate review.

We were faced with a similar issue in *Hall v. Commonwealth*, Ky., 817 S.W.2d 228

(1991), wherein we addressed the admissibility of a certified Kentucky State Police computer printout as proof of a defendant's prior convictions for sentencing purposes. We held that because the fact of the prior convictions was not an essential element of the crime charged, the strict proof requirements for a persistent felony offender or subsequent-offense DUI conviction were not required. We analogized the information found on the printout to the contents of a pre-sentence report, noting that in the latter, the defendant has the opportunity to offer corrections to insure that the report is accurate. We also emphasized that the accuracy of the printout in question in *Hall* was not challenged. Finally, we noted that the printout reflected records kept in the ordinary course of business by the state police, rendering it a business document and within the exception to the hearsay rule.

A review of the printout at issue in this case reveals that it was sent by facsimile to the Greenup Commonwealth's Attorney's office by the clerk of the Bellefontaine Municipal Court in the midst of the trial. The printout reflects various charges for which Appellant received fines, short jail stays, or suspended sentences. It also sets out several charges which were apparently dismissed, as well as the fact that Appellant is behind on paying his fines. This printout was introduced through the testimony of one of the investigating officers, Detective Wallin, admittedly not an officer of the Bellefontaine Municipal Court.

We hold that the use of the computer printout in this case was erroneous for several reasons. First, KRS 532.055(2)(a) permits the introduction of prior convictions of the defendant, not prior charges subsequently dismissed. Next, unlike in *Hall, supra,* where the printout was introduced by a member of the state police who compiled the document, and thus could testify as to its authenticity, there is no evidence that Detective Wallin had any knowledge of the manner in which this printout was compiled or whether it was kept in the ordinary course of business.

Finally, we fear that to allow any further relaxation in the rules of evidence is inappropriate and dangerous to both our system of justice and the right of a defendant to have only admissible evidence presented to the jury. While we are not yet ready to reverse course from that set by *Hall, supra,* in regard to the admissibility of Kentucky State Police printouts as introduced by a member of that organization, we will not expand that holding to embrace any compilation of data by any court or police agency in the absence of exemplification, as required by KRS 422.040, or a witness who can testify that the record comports with the business record exemption to the hearsay rule.

■ Appellant's next argument is that the trial court erred in admitting the testimony of Nina Dorst, a victim of a prior assault at Appellant's hands. Ms. Dorst was permitted to testify at length as to the specifics of this assault, including the nature of the injuries inflicted upon her and the fact that Appellant forced her to lie to emergency room personnel about the source of her injuries. In addition to Ms. Dorst's testimony, the Commonwealth introduced the judgment of conviction entered in the Bellefontaine Municipal Court.

Appellant argues that while KRS 532.055(2)(a) permits the introduction into evidence of "the nature of prior offenses for which he was convicted," the Commonwealth has gone too far in this case. He notes that we have not addressed precisely what may be introduced pursuant to this subsection. He analogizes sentencing with the persistent felony offense phase of a trial and directs us to *Pace v. Commonwealth,* Ky., 636 S.W.2d 887 (1982). There, we held that the details of the prior felonies were inadmissible. While there is a superficial similarity between *Pace* and the instant matter, the two cases are distinguishable. *Pace* dealt with evidence that was irrelevant for proof of the crime of PFO, and, thus, it served no legitimate purpose for that portion of the trial.

As has been said many times, "Kentucky's Truth-in-Sentencing statute is geared toward providing the jury with information relevant to arriving at an appropriate sentence for the particular offender." *Williams v. Commonwealth,* Ky., 810 S.W.2d 511, 513 (1991). The purpose, then, of the admission of the nature

of prior crimes is to allow the jury to assess the proper sentence. It is not admitted, however, to allow the jury to retry the prior crimes, which, Appellant contends, is precisely what will happen if extensive evidence is permitted. We agree.

We have held that in order to have true truth-in-sentencing, both defendant and the Commonwealth may introduce evidence of parole eligibility under KRS 532.055(2)(a)(1). *Boone v. Commonwealth,* Ky., 780 S.W.2d 615 (1989). In *Williams, supra,* we recognized that a defendant may introduce his or her prior convictions if he or she chooses. The same reasoning found in those cases will apply to the introduction of the nature of the offenses if we allow the extensive testimony requested by the Commonwealth. Indeed, KRS 532.055(2)(b) specifically permits the defendant to introduce evidence in mitigation and "shall not preclude the introduction of evidence which negates any evidence introduced by the Commonwealth." Thus, a complete relitigation of the prior crime may result.

We will look to the definition of "nature" found in *Black's Law Dictionary,* 1027 (6th ed. 1990): "kind, sort, type, order; general character." Nature, then, is more generic than specific. As an example of the type of evidence that would be admissible, the Commonwealth cites *Williams, supra.* In that case, the defendant took the stand during the sentencing portion of the trial and denied any prior felony convictions. On cross-examination, he was asked whether he had been convicted of "beating [his] wife up." The prosecutor then read the complaint to the jury and the defendant admitted he had entered a guilty plea to the charge. *Id.,* at 513. The Commonwealth is correct in its belief that this would be the right type of evidence. Unfortunately, the record in this case has much more than a simple description of domestic violence or other description of general character.

We hold that all that is admissible as to the nature of a prior conviction is a general description of the crime. In this case, it would be sufficient to introduce the judgment with testimony that defendant assaulted the woman with whom he had been living. We anticipate that counsel for the defense and prosecution can, with negotiation, agree on the language to be used in the vast majority of cases. If they cannot, the trial judge will make that determination.

We have reviewed the other errors alleged by Appellant, and found them to be without merit. For the reasons set forth herein, we affirm Appellant's conviction, but reverse and remand for a new sentencing phase.

STEPHENS, C.J., and KING and LAMBERT, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion, in which GRAVES, J., joins.

BAKER, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from that part of the majority opinion that remands this case for a new sentencing phase.

The prior convictions of Robinson and the testimony concerning the nature of the prior offense were properly admitted during the sentencing phase. KRS 532.055 states in pertinent part that the Commonwealth may offer evidence relative to sentencing including prior convictions of the defendant, both felony and misdemeanor, and the nature of the prior offenses for which he was convicted. In this case, the Commonwealth properly introduced the prior record of Robinson's conviction through a computer printout certified by the Clerk of an Ohio municipal court.

As was stated in *Hall v. Commonwealth,* Ky., 817 S.W.2d 228 (1991), the use of the actual prior judgment during the punishment phase is not necessary. The issue concerns the sentencing phase of the trial as governed by KRS 532.055, which permits background information to assist the jury in its penalty fixing responsibility. The jury is permitted to hear evidence of the prior convictions. The statute does not specify the method for proving such prior convictions so that strict proof requirements for the prior convictions are not required. Robinson had a full opportunity during the sentencing phase to suggest any appropriate corrections to the print-

out certified by the Ohio court but he failed to do so. It would appear that he thereby accepted the printout as accurate. If necessary, I would extend the holding of *Hall* so as to encompass the situation presented by this case.

I would specifically decline the rather obvious invitation to challenge *Hall* noted by the majority opinion when it stated "While we are not yet ready to reverse course from that set by *Hall, supra* ... we will not expand that holding to embrace any compilation of any data by any court or police agency in the absence of exemplification ..." KRS 422.040, noted by the majority, is a statute which requires authentication of judgments from a sister state. The expansion of this statute to include a certified printout which is not a judgment and therefore should not need to be exemplified, is unwarranted.

Clearly a prudent prosecutor must now exemplify such printouts pursuant to the decision of the majority. It would appear we are not quite ready to fully trust the advances of the electronic age.

I also disagree with the majority opinion statement that all that is admissible as to the nature of the prior conviction is a general description of the crime. In this case, the testimony was relevant because the witness described the nature of the 1989 assault conviction. Robinson had several other convictions but the only witness called was the one who described the assault. Such testimony was relevant because the witness was the victim of a strikingly similar fact pattern to the case under consideration. It was admissible pursuant to KRS 532.055. Both were cases of domestic violence. Tragically, for the victim in this case, such violence resulted in death. The pious language of the commonly accepted title of "truth in sentencing" must mean all the truth, not simply a general description of the crime as noted in the judgment.

I believe that the majority opinion has improperly limited the meaning of the phrase "nature" of the prior conviction. The balancing test of KRE 403 is certainly a judgment call, but this Court should not disturb the decision of the trial court unless there is a clear abuse of discretion or there is other clear error. Here, the trial judge did not abuse his discretion and the decision of the trial court should not be disturbed.

For the reasons stated above, I would affirm the conviction and the sentence in all respects.

GRAVES, J., joins in this dissent.