**Spencer A. BAUCOM, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**No. 2002–SC–1050–MR.**

Supreme Court of Kentucky.

May 20, 2004.

John Anthony Palombi, Assistant Public Advocate, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, John R. Tarter, Assistant Attorney General, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from a judgment based on a jury verdict that convicted Baucom of second-degree escape, theft by unlawful taking over three hundred dollars and being a first-degree persistent felony offender. He was sentenced to a total of twenty years in prison.

The questions presented are whether Baucom was denied his right to "hybrid representation" and whether he was entitled to a "no adverse inference" instruction during the penalty phase.

In 2001, Baucom was serving time for a previous felony conviction at the Warren County Regional Detention Center. While on a work release program at the Humane Society, Baucom unlawfully left the work site, allegedly in the organization's pickup truck. He was captured three months later in Nashville, Tennessee. The pickup truck was also recovered in that state. At trial, Baucom, pro se, admitted that he left

the Humane Society without authorization, but, as part of his defense, claimed mitigating circumstances, namely, that he was under great stress and needed to be with his mother who was suffering from Alzheimer's disease. He denied taking the pickup truck. The jury convicted him of second-degree escape, theft by unlawful taking over three hundred dollars and being a first-degree persistent felony offender. He was sentenced to twelve years for the escape charge and ten years on the theft charge, the sentences to run consecutively for a maximum term of twenty years in prison. This appeal followed.

## I. Limited Waiver of Counsel

Baucom, now represented by a public defender, argues that he was denied his rights under the 6th Amendment to the United States Constitution when the trial judge refused to appoint standby counsel to assist him in presenting his case when he made a timely request, explained the reason for the request and the specific areas where he needed assistance. Relying strictly on federal cases, he states that there is no constitutional requirement to allow the type of arrangement that he was requesting in this case. However, Baucom claims that the appointment of hybrid counsel is a matter of trial judge discretion, but that in this case the trial judge did not exercise that discretion.

Before trial, Baucom filed a pro se motion waiving his right to counsel. At a pretrial hearing on that motion, Baucom stated that he wanted to waive counsel except for some assistance in selecting a jury. After pondering aloud what "sort of trap Mr. Baucom was trying to set for … the court," the trial judge denied the request for a limited waiver. Over the next several months, including on the eve of trial, Baucom continued to make requests for a legal advisor. These renewed requests were also denied by the trial judge. His position was clear, either Baucom would accept an attorney from the public defender's office or he was going to have to act entirely on his own. Faced with this choice, Baucom represented himself during the entire proceedings.

*Wake v. Barker*, Ky., 514 S.W.2d 692 (1974), held that "an accused may make a limited waiver of counsel, specifying the extent of services he desires, and he then is entitled to counsel whose duty will be confined to rendering the specified kind of services (within, of course, the normal scope of counsel services)." *Id.* at 696. *See also Hill v. Commonwealth*, Ky., 125 S.W.3d 221 (2004), which reaffirms the concept of "hybrid representation" because Section 11 of the Kentucky Constitution, unlike the United States Constitution, explicitly guarantees a criminal defendant the right to be heard "by himself and counsel." *Hill, supra* also notes that most lower courts, both state and federal, have followed dictum in *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), that the Sixth Amendment does not grant a defendant the right to act as co-counsel, *i.e.,* the right to "hybrid representation."

Although we recognize that there is a division of legal authority arising from differences between the Kentucky and Federal constitutions, we are required to apply the Kentucky constitution because it affords greater protection for citizens who are accused of crimes. Here, it was clear that the trial judge presented Baucom with only two alternatives: either represent himself or accept appointed counsel. Under Section 11 of the Kentucky Constitution, as interpreted by existing case law, Baucom was entitled to a third alternative, and the one he requested, a hybrid representation. This being a structural error, we are obliged to reverse. *See Hill.*

Although this case must be reversed, we must recognize the trial judge's exemplary exercise of judicial temperament and his willingness to explain the judicial process to Baucom. We also commend the prosecutor's patience and fairness in his handling of this case.

## II. Penalty Phase Instruction

■ Baucom asserts that he is entitled to a new penalty phase hearing because the jury was not given a "no adverse inference" instruction at the penalty phase of the trial. He concedes that this issue is not preserved but claims that pro se litigants are not held to the same procedural strictures as those represented by counsel. Alternatively, he seeks review pursuant to RCr 10.26.

There was no error in the trial judge's failure, *sua sponte*, to include a "no adverse inference" instruction in the penalty phase instructions. That instruction is required only when requested and no request was made in this case. RCr 9.54(3).

The judgment of conviction is reversed and this matter is remanded for a new trial.

All concur.