Michael CAIN, Appellant,

v.

Hon. Lisabeth Hughes ABRAMSON,
Judge, Jefferson Circuit Court;

and

COMMONWEALTH OF KENTUCKY
(Real Party in Interest),
Appellees.

No. 2006–SC–000477–MR.

Supreme Court of Kentucky.

Jan. 25, 2007.

As Modified on Denial of Rehearing
May 24, 2007.

Frank W. Heft, Jr., Office of the Louisville Metro Public Defender, Carolyn D. McMeans, Office of the Louisville Metro Public Defender, Louisville, Counsel for Appellant.

Gregory Stumbo, Attorney General, Frankfort, Jeanne Anderson, Assistant Commonwealth's Attorney, Christie Floyd, Assistant Commonwealth's Attorney, Louisville, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, Michael Cain, is charged with three counts of first degree robbery, KRS 515.020, and second degree persistent felony offender status, KRS 532.080(2). On February 21, 2006, Cain filed notice of his intent to assert the defense of mental illness or insanity. In response, the Commonwealth filed a motion pursuant to KRS 504.070 and RCr 7.24(3)(B)(ii) to have Cain submit to a psychiatric examination to be conducted by the Commonwealth's expert on the issue of criminal responsibility. On April 3, 2006, Hon. Lisabeth Hughes Abramson, then presiding circuit judge, granted the Commonwealth's motion and ordered Cain to submit to the psychiatric examination. Two days later, Cain informed the Commonwealth that he desired the presence of counsel during the psychiatric examination, asserting his right to counsel pursuant to the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution. The Commonwealth responded with a motion to have counsel excluded from Cain's examination, and on April 11, 2006, the circuit court heard arguments on whether defense counsel should be excluded. The circuit court granted the Commonwealth's motion to have Cain's counsel excluded from the psychiatric examination but allowed Dr Allen, a psychiatrist at the Kentucky Correctional Psychiatric Center

(KCPC), to be "present on behalf of Mr. Cain to observe the evaluation."

On April 17, 2006, the circuit court granted a stay of the psychiatric examination to allow Cain to file an original action in the Court of Appeals as a writ of prohibition, or mandamus, which was subsequently denied on June 2, 2006, by the Court of Appeals without issuing an opinion. Cain now appeals this denial, alleging he is entitled to the relief sought by way of the writ of prohibition, to wit, having his counsel present during the psychiatric examination. For the reasons set forth herein, we affirm the Court of Appeals and deny Cain's petition for the writ.

## ANALYSIS

*1. Fifth Amendment Claims.*

In support of his contention that a writ is the appropriate remedy in this case, Cain argues he has no adequate remedy by appeal or otherwise and, if denied, he will suffer great injustice and irreparable injury. He also alleges that he has a constitutional right to have counsel present during the psychiatric evaluation.

■ The standards governing a writ of prohibition have been clearly expounded by this Court.

A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis in original).

■ In the case at bar, Cain claims that the trial court will be acting erroneously by ordering the psychiatric evaluation regarding criminal responsibility without the presence of his defense counsel and that he has no remedy by appeal or otherwise. However, Cain has a remedy via the "otherwise" language of the standard enunciated above: Cain can procure his own expert to observe the evaluation pursuant to KRS 504.080(5).

Ironically, in Cain's response to the Commonwealth's motion to exclude defense counsel from the evaluation, Cain requested the following from the trial court: "Counsel for Mr. Cain respectfully requests that this Court order that defense counsel *and/or* an [sic] psychologist or psychiatrist retained by the defendant shall be permitted to participate in the examination of Mr. Cain by Dr. Curl." (Emphasis added). Although not required by RCr 7.24(3)(B), the trial court allowed Dr. Allen of the KCPC to observe the evaluation "on Cain's behalf."

■ Cain now argues, however, that the protections afforded criminal defendants by RCr 7.24(3)(B)(ii) are insufficient to adequately protect his rights under the Fifth Amendment to the United States Constitution. Kentucky Criminal Procedure Rule 7.24(3)(B)(ii) provides, in pertinent part, as follows:

No statement made by the defendant in the course of any examination provided for by this rule, whether the examination be with or without the consent of the defendant, shall be admissible into evidence against the defendant in any criminal proceeding. No testimony by the expert based upon such statement, and no fruits of the statement shall be admissible into evidence against the defendant in any criminal proceeding except upon an issue regarding mental

condition on which the defendant has introduced testimony.

In support of his contention, Cain cites *Powell v. Graham*, 185 S.W.3d 624 (Ky. 2006), wherein this Court granted the appellant's request for a writ of prohibition to prevent the trial court from compelling him to submit to a mental health evaluation without first taking steps to protect his Fifth Amendment rights. However, a closer examination of *Powell* reveals that the trial court in that case ordered the defendant to undergo a psychiatric evaluation pursuant to CR 35.01, which may be employed in criminal cases pursuant to RCr 13.04. Moreover, the trial court took no additional steps to safeguard the appellant's constitutional rights, and this Court noted that "the civil rule cannot be applied blindly." *Id.* at 633.

■ *Powell, supra,* presents facts quite different from those involved in the case at bar, where here, Cain initially notified the court and the prosecution, pursuant to RCr 7.24(3)(B)(i), of his intention to raise mental defect or disease as a defense to the charges pending against him. Thus, the procedural safeguards of RCr 7.24(3)(B)(ii), which were inapplicable in *Powell,* are available in the case at bar and provide the necessary constitutional protection Cain otherwise seeks by means of a writ. As the predecessors to this Court have expounded, a writ "is an extraordinary remedy, and [this Court has] always been cautious and conservative both in entertaining petitions for and in granting such relief." *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky.1961).

Furthermore, the protections provided by RCr 7.24(3)(B)(ii) are sufficient to alleviate Cain's concerns that any information he divulges during the evaluation "cannot be recalled." In *Bishop v. Caudill,* 118 S.W.3d 159, 164 (Ky.2003), this Court recognized the Fifth Amendment protections inherent in RCr 7.24(3)(B)(ii) and held:

> A criminal responsibility evaluation, even if performed by the Commonwealth's examiner, is not a compelled examination as it is initiated by the defendant. By asserting the defense of mental illness or insanity, a defendant is claiming lack of criminal responsibility for the crime.
>
> . . . .
>
> Accordingly, the Commonwealth must have the right to rebut this position, a right which necessarily includes obtaining its own independent examination of the defendant. Since the results of the Commonwealth's examination are admissible only to rebut the mental health evidence introduced by the defense, Appellant can preclude introduction of the Commonwealth's evidence by declining to assert such evidence on his own behalf.

Quite simply, the contention that irreparable injury would otherwise result should the writ be denied is without merit as Cain's Fifth Amendment rights are adequately protected.

*2. Claims pursuant to the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution.*

Additionally, Cain argues that he has a constitutional right under both the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution to be represented by counsel during his psychiatric evaluation, and he contends that denial of the writ would in essence be a denial of his constitutional right to have counsel present during this alleged "critical stage" of the proceedings. We again disagree.

■ In *United States v. Byers,* 740 F.2d 1104 (D.C.Cir.1984), the federal

Court of Appeals explained what constitutes a "critical stage" for Sixth Amendment purposes. "It is a test under which, as the initial criterion of Sixth Amendment applicability, the accused must find himself 'confronted, just as at trial, by the procedural system, or by his expert adversary, or by both.'" *Id.* at 1117–18 (quoting *United States v. Ash,* 413 U.S. 300, 310, 93 S.Ct. 2568, 2574, 37 L.Ed.2d 619 (1973)). In further analyzing *Ash, supra,* the court described two elements of this criterion:

> [T]he defendant must be confronted *either* with the need to make a decision requiring distinctively legal advice—which may occur even in a context in which the prosecutor or his agents are not present—*or* with the need to defend himself against the direct onslaught of the prosecutor—which may require some skills that are not distinctively legal[.]

*Id.* at 1118 (emphasis in original). On this latter point, the court described such non-legal skills as "'being schooled in the detection of suggestive influences.'" *Id.* (quoting *United States v. Wade,* 388 U.S. 218, 230, 87 S.Ct. 1926, 1934, 18 L.Ed.2d 1149 (1967)).

▉ Here, as in *Byers, supra,* Cain was first confronted by the procedural system when he raised the defense of mental incapacity for criminal responsibility, "a determination that would have several legal consequences, including the likelihood of a court order that he undergo psychiatric examination," *Byers,* 740 F.2d at 1118. *See also* RCr 7.24(3)(B)(ii). However, Cain will not be confronted by the procedural system during the psychiatric evaluation itself, as he has to make "no decisions in the nature of legal strategy or tactics—not even . . . the decision whether to refuse, on Fifth Amendment grounds, to answer the psychiatrist's questions." *Byers,* 740 F.2d at 1118. Similarly, the psychiatric evaluation could not qualify as a "critical stage" in the proceedings as the examiner is not an adversary. "An examining psychiatrist is not an adversary, much less a professional one. Nor is he expert in the relevant sense—that is, expert in 'the intricacies of substantive and procedural criminal law.'" *Id.* at 1119 (quoting *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) (plurality opinion)).

In this same vein, we find that a psychiatrist, employed by the Commonwealth to conduct the evaluation, is not a legal adversary or an "agent of the prosecution," contrary to Cain's argument. As the United States Court of Appeals for the First Circuit has noted:

> The doctors designated . . . to make the examination are not partisans of the prosecution, though their fee is paid by the state, any more than is assigned counsel for the defense beholden to the prosecution merely because he is . . . compensated by the state. Each is given a purely professional job to do—counsel to represent the defendant to the best of his ability, the designated psychiatrists impartially to examine into and report upon the mental condition of the accused.

*McGarty v. O'Brien,* 188 F.2d 151, 155 (1st Cir.1951).

▉ Furthermore, this Court will not entertain the argument that we should interpret Section 11 of the Kentucky Constitution more broadly than the United States Supreme Court interprets the Sixth Amendment, at least not in the context of what qualifies as a "critical stage" in deciding whether to allow defense counsel's presence at a psychiatric evaluation ordered pursuant to RCr 7.24(3)(B)(ii). "[T]he right of counsel guaranteed by Section 11 of the Kentucky Constitution is no greater than the right of counsel guaran-

teed by the Sixth Amendment of the United States Constitution. . . ." *Cane v. Commonwealth,* 556 S.W.2d 902, 906 (Ky.App. 1977).

On this point, we note that Cain's reliance on *Baucom v. Commonwealth,* 134 S.W.3d 591 (Ky.2004) is without merit. *Baucom* only addressed the narrow issue of whether the defendant in that case was denied "hybrid representation" for the sole purpose of assistance during jury selection when that defendant had previously effectuated a limited waiver of counsel. This Court ultimately found that Section 11 of the Kentucky Constitution, unlike the Sixth Amendment to the United States Constitution, supports "hybrid representation" because Section 11 "guarantees a criminal defendant the right to be heard 'by himself and counsel.' " *Baucom,* 134 S.W.3d at 592 (quoting *Hill v. Commonwealth,* 125 S.W.3d 221, 225 (Ky.2004)).

Similarly, Cain's reliance on *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), is misplaced. In *Estelle,* the defendant had neither pled guilty nor given notice of his intent to raise insanity as a defense, and thus he clearly had the Fifth Amendment right to decline any psychiatric evaluations for sentencing purposes. In analyzing and distinguishing *Estelle,* the court in *Byers* found that

> although the defendant was not confronted by his adversary he *was* confronted "by the legal system," in that he had a law-related choice before him, and could have profited from the expert advice of counsel "in making the significant decision of whether to submit to the examination and to what end the psychiatrist's findings could be employed[.]"

*Byers,* 740 F.2d at 1119 (quoting *Estelle,* 451 U.S. at 471, 101 S.Ct. at 1877) (emphasis in original). As further explained by the *Byers* court, "[i]t was that, and that alone which (given the importance of the matter involved) caused the interview 'to be a "critical stage" of the aggregate proceedings against respondent.' " *Id.* (quoting *Estelle,* 451 U.S. at 470, 101 S.Ct. at 1876). Thus, the *Estelle* court "described its holding as affirming a Sixth Amendment right to assistance of counsel '*before* submitting to the . . . psychiatric interview[.]' " *Id.* (quoting *Estelle,* 451 U.S. at 469, 101 S.Ct. at 1876) (emphasis in original). In short, the Supreme Court in *Estelle* specifically disclaimed any implication of a "constitutional right to have counsel actually present during the examination[.]" *Estelle,* 451 U.S. at 470 n. 14, 101 S.Ct. at 1877.

In the context of the case at bar, we find the psychiatric evaluation, ordered by the court upon notice by Cain of his intent to assert mental illness as a defense to the crimes he is charged with committing, is not a "critical stage" in the procedural system giving rise to a constitutional necessity for the presence of counsel. Thus, this Court holds, under the facts of this case, that there is no constitutional right, under Section 11 of the Kentucky Constitution or under the Sixth Amendment to the United States Constitution, for an accused to have counsel present during a psychiatric examination.

Finally, we note that the presence of counsel may act to impair the evaluation process by giving counsel the opportunity, through the interposing of objections, to redirect the course of the examination, limit the scope and efficacy of the evaluation, or undermine the results of the evaluation. Thus, counsel's presence may be a hindrance to a proper evaluation of whether or not Cain indeed suffers from a mental infirmity.[1] The court in *Byers* recognized

---

1. Even the United States Supreme Court in *Estelle, supra,* relied upon by Cain, recognized this in approving the lower court's comment, wherein the court opined that " 'an attorney

such and succinctly expounded on the practical considerations of having counsel present during psychiatric evaluations:

> Even if a psychiatric interview otherwise met one of the two theoretical tests for Sixth Amendment protection, it would be relevant to consider the pragmatic effects of presence of counsel upon the process.... The "procedural system" of the law, which is one justification for the presence of counsel and which, by the same token, the presence of counsel brings in its train, is evidently antithetical to psychiatric examination, a process informal and unstructured by design. Even if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject's eyes move back and forth between the doctor and his attorney. Nor would it help if the attorney were listening from outside the room, for the subject's attention would still wander where his eyes could not. And the attorney's presence in such a purely observational capacity, without ability to advise, suggest or object, would have no relationship to the Sixth Amendment's "Assistance of Counsel."

*Byers,* 740 F.2d at 1120.

Although Cain is correct in asserting that the psychiatric evaluation is "the Commonwealth's most powerful means of refuting a mental defense" and that the evaluation's "specific purpose is to give the Commonwealth an opportunity to refute Mr. Cain's anticipated insanity or mental illness defense," we point out that this is exactly the reason for the exam—to flesh out Cain's claims of mental defect in support of his contention that he is not criminally responsible for committing the charged crimes. The procedure and protections set forth in RCr 7.24(3)(B) as well as the holding of this case serve the interests of justice by balancing the constitutional rights of the accused to have counsel present at "critical stages" of the procedural system and to be free from compulsion to incriminate himself with the right of the public to refute disingenuous or inadequate claims of mental disease.

### CONCLUSION

For the foregoing reasons, we deny Cain's petition for a writ of prohibition to prevent the trial court from ordering a psychiatric evaluation of Cain, pursuant to KRS 504.070 and RCr 7.24(3)(B)(ii), without his counsel's presence.

All concur.

---

present during the psychiatric interview could contribute little and might seriously disrupt the examination.' " *Estelle,* 451 U.S. at 470 n. 14, 101 S.Ct. at 1877 (quoting *Smith v. Estelle,* 602 F.2d 694, 708 (5th Cir.1979)).