Dejuan Anthony GLENN, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2012–SC–000499–MR.

Supreme Court of Kentucky.

Nov. 21, 2013.

Rehearing Denied Feb. 20, 2014.

Daniel T. Goyette, Louisville, Bruce P. Hackett, James David Niehaus, Office of the Louisville Metro Public Defender, Counsel for Appellant.

Jack Conway, Attorney General, Micah Brandon Roberts, Assistant Attorney General, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

On November 30, 2010, officers from the Louisville Metro Police Department were staked-out near the location of a robbery believed to have been committed by Appellant, Dejuan Anthony Glenn, and his brother, Damon Glenn. While the officers were observing the area, a tan sedan entered the scene. Based on photographs of the suspects that had been provided to them, the officers identified two of the men in the sedan as Appellant and his brother. The officers then followed the sedan down the street and engaged their emergency lights in an attempt to pull over the vehicle. Upon seeing the lights, the suspects in the sedan took off and a high speed chase ensued. Eventually, all three occupants in the sedan bailed out of the vehicle while it was still moving, causing it to crash into two parked vehicles. The officers continued the hot pursuit on foot, resulting in the immediate apprehension of only one of the vehicle's three occupants—Rondell Basemore. Basemore told police that Appellant and his brother were the other two occupants of the vehicle and that Appellant was the driver. Based on this information, arrest warrants were issued and the two were subsequently apprehended. Appellant was found to be in possession of cocaine at the time of his arrest.

A Jefferson Circuit Court jury found Appellant guilty of one count of first-degree wanton endangerment, one count of first-degree fleeing or evading the police, one count of first-degree illegal possession of a controlled substance (cocaine), and one count of second-degree criminal mischief. On those charges, the jury recommended a total sentence of thirteen years. The jury also found Appellant guilty of being a persistent felony offender ("PFO") in the first-degree and then recommended an enhanced sentence of twenty years. The trial court sentenced Appellant in accordance with the jury's recommendation.

Appellant now appeals his conviction and sentence as a matter of right pursuant to the Ky. Const. Section 110(2)(b). Three issues are raised and addressed as follows. The legality of the attempted stop has not been raised on appeal.

### Validity of RCr 9.40

Appellant argues that RCr 9.40 is invalid and that the trial court's reliance on the rule requires reversal of the judgment. Specifically, Appellant contends that RCr 9.40, the rule prescribing the number of peremptory challenges in a criminal case, exceeds the authority granted to this Court in § 116 of the Kentucky Constitution.

The Commonwealth urges us not to consider the merits of this claim because Appellant failed to comply with KRS 418.075, which requires that he provide the Attorney General with proper notice when challenging the constitutionality of a statute. *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky.2008) ("[S]trict compliance with the notification provisions of KRS 418.075 is mandatory ... even in criminal cases[.]"). Although unconvincing in this instance, we note that the Commonwealth's argument is not without precedent.

■ This Court has previously interpreted arguments concerning the validity of RCr. 9.40 as analogous with challenges to the constitutionality of KRS 29A.290(2)(b). *See* KRS 29A.290(2)(b) ("[T]he number of peremptory challenges shall be prescribed by the Supreme Court."); *see also Grider v. Commonwealth*, 404 S.W.3d 859, 861 (Ky.2013) (applying KRS 418.075 to bar review of the validity of RCr 9.40 when argued in conjunction with the constitutionality of KRS 29A.290(2)(b)). We conclude that, although KRS 29A.290(2)(b) "constitutes an encroachment by the General Assembly upon the prerogatives of the Judiciary," it is not inconsistent with our rules and is, therefore, upheld as a matter of comity. *See Commonwealth v. Reneer*, 734 S.W.2d 794, 797 (Ky.1987). However, to apply KRS 418.075 as a procedural bar in the present matter would perpetuate a comity

of errors that would unjustly deprive the petitioner of appellate review. Therefore, no notice is required when challenging the validity or constitutionality of our own rules. We will accordingly address the merits of Appellant's challenge to the validity of RCr 9.40.

■ We begin with the premise that the separation of powers provisions of our Kentucky Constitution endow this Court with a unique mandate not present in our federal Constitution. *See* Ky. Const. §§ 27, 28, 116. We alone are the final arbiters of our rules of "practice and procedure." Ky. Const. § 116. With these principles in mind, we now turn to Appellant's argument that the question of peremptory strikes is one of substantive law and is, therefore, beyond the "practice and procedure" authority granted to this Court under § 116. Appellant maintains that § 28 of the Kentucky Constitution grants exclusive power to the General Assembly over issues of substantive law. Accordingly, Appellant asserts that the number of peremptory challenges, if different from the common law, must be expressly established by the General Assembly. We disagree.

■ Our constitutional mandate in this instance is unequivocal. The creation, implementation, or amendment of our Rules of Criminal Procedure provides no basis for "joint effort," nor any other constitutional quandary or quagmire. *Cf. Mullins v. Commonwealth*, 956 S.W.2d 210, 211 (Ky.1997); *Comm., Cabinet for Health and Family Services v. Chauvin*, 316 S.W.3d 279 (Ky.2010). Thus, we affirm not only the substance of RCr 9.40, but also this Court's authority to promulgate that rule and all other rules of practice and procedure in the Commonwealth.

### Sentencing Instruction

██ Appellant claims that the trial court committed error by failing to give a "no adverse inference" instruction regarding his decision not to testify during the PFO phase of his trial. However, Appellant's failure to request this instruction precludes palpable error review. RCr 9.54(2); *Martin v. Commonwealth*, 409 S.W.3d 340, 345 (Ky.2013) ("RCr 9.54(2) bars palpable error review for unpreserved claims that the trial court erred in the giving or the failure to give a specific instruction."); *Young v. Commonwealth*, 50 S.W.3d 148, 171 (Ky.2001) ("There was [ ] no error in the trial judge's failure, *sua sponte*, to include a "no adverse inference" instruction in the penalty phase instructions. That instruction is required only when requested and no request was made in this case."). Thus, we decline to address Appellant's alleged error.

### Mischaracterization of PFO Status During Closing Arguments

██ Appellant further asserts that the Commonwealth improperly referenced Appellant's PFO status as a "separate crime" and argued that it merited punishment. The alleged error occurred during closing arguments of the PFO guilt phase trial. This argument is unpreserved and will be reviewed for palpable error. RCr 10.26. "In order to demonstrate an error rises to the level of a palpable error, the party claiming palpable error must show a 'probability of a different result or [an] error so fundamental as to threaten a defendant's entitlement to due process of law.'" *Allen v. Commonwealth*, 286 S.W.3d 221, 226 (Ky.2009) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006)).

██ We have clearly stated that a PFO conviction is a status rather than a separate crime. *White v. Commonwealth*, 770 S.W.2d 222, 223 (Ky.1989). However, it is also well-settled that opening and closing arguments are not evidence and prosecutors are given considerable leeway during both. *Stopher v. Commonwealth*, 57 S.W.3d 787, 805–06 (Ky.2001); *Slaughter v. Commonwealth*, 744 S.W.2d 407, 411–12 (Ky.1987). The record further reveals that the Commonwealth's mischaracterization of Appellant's PFO status was not intended to confuse or mislead the jury in an attempt to prejudice the Appellant. *Owens v. Commonwealth*, 329 S.W.3d 307, 318 (Ky.2011) (holding that limited reference to defendant's previous PFO status during penalty phase did not violate defendant's due process right to a fair trial). Moreover, it is undisputed that Appellant qualified to be sentenced as a first-degree PFO. Thus, although the Commonwealth's mischaracterization was improper, we cannot conclude that it was palpable error.

### Conclusion

For the foregoing reasons, the judgment of the Jefferson Circuit Court is hereby affirmed.

All sitting. All concur.