James Terry WOOD, Appellant/Cross–Appellee

v.

COMMONWEALTH of Kentucky,
Appellee/Cross–Appellant.

Nos. 2013–CA–000460–MR,
2013–CA–000369–MR.

Court of Appeals of Kentucky.

May 16, 2014.

J. David Niehaus, Louisville Metro Public Defender, Louisville, KY, for appellant/cross-appellee.

Jack Conway, Attorney General, Dorislee Gilbert, Special Assistant Attorney General, Louisville, KY, for Appellee/Cross–Appellant.

Before CLAYTON, COMBS, and NICKELL, Judges.

*OPINION*

COMBS, Judge:

James Terry Wood appeals the judgment of conviction of criminal mischief, three misdemeanors and PFO in the Jefferson Circuit Court. After our review,

we affirm in part, vacate in part, and remand.

This appeal does not require a lengthy recitation of the underlying facts. On October 16, 2011, Wood engaged in an altercation with his wife. She sustained minor injuries, and he destroyed several expensive items in their residence. Several assault and property-related charges resulted.

On November 29, 2012, a jury convicted Wood of criminal mischief in the first degree, fourth-degree assault, and two counts of violating a protective order. The criminal mischief charge was a felony; the other three charges were misdemeanors. Wood received a sentence of five-years' incarceration that was increased to fifteen years due to his status of persistent felony offender in the first degree. This appeal follows.

Wood's first argument is that the procedural rule governing the number of peremptory challenges is unconstitutional. Kentucky Rule[s] of Criminal Procedure (RCr) 9.40 provides that in a felony trial, both the Commonwealth and the defendant are to receive eight peremptory challenges. The rule was promulgated by the Supreme Court of Kentucky. Wood contends that the rule is an improper exercise of legislative power by the judicial branch.

■ Our Supreme Court recently addressed this argument in *Glenn v. Commonwealth*, —— S.W.3d ——, 2013 WL 6145231 (Ky.2013) (2012–SC–000499–MR).[1]

We begin with the premise that the separation of powers provisions of our Kentucky Constitution endow this Court with a unique mandate not present in our federal Constitution. *See* Ky. Const. §§ 27, 28, 116. We alone are the

1. This case became final on February 20, 2014. However, no Southwest Reporter citation is available as of our writing of this opinion.

final arbiters of our rules of "practice and procedure." Ky. Const. § 116. . . .

Our constitutional mandate in this instance is unequivocal. The creation, implementation, or amendment of our Rules of Criminal Procedure provides no basis for "joint effort," nor any other constitutional quandary or quagmire. *Cf. Mullins v. Commonwealth,* 956 S.W.2d 210, 211 (Ky.1997); *Comm., Cabinet for Health and Family Services v. Chauvin,* 316 S.W.3d 279 (Ky.2010). Thus, we affirm not only the substance of RCr 9.40, but also this Court's authority to promulgate that rule and all other rules of practice and procedure in the Commonwealth.

*Id.* at ——, 2013 WL 6145231 at *2. Therefore, the allotment of peremptory strikes at Wood's trial was not constitutionally defective, and we are not at liberty to deviate from a mandate or precedent of our Supreme Court. *See* Rule[s] of the Supreme Court of Kentucky (SCR) 1.030(8)(a).

■ Wood next argues that the trial court erred in excluding evidence during the penalty phase of his trial. The appellate standard of review for evidentiary issues is whether the trial court abused its discretion. *Partin v. Commonwealth,* 918 S.W.2d 219, 222 (Ky.1996) (*overruled on other grounds by Chestnut v. Commonwealth,* 250 S.W.3d 288 (Ky.2008)). Our Supreme Court has defined *abuse of discretion* as a court's acting arbitrarily, unreasonably, unfairly, or in a manner "unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

During the penalty phase of Wood's trial, the Commonwealth introduced records of Wood's criminal history. One of his past convictions was for reckless homicide, and Wood sought to inform the jury of the circumstances which led to the charge.

He had been involved in a home invasion in which his accomplice was shot and killed by the homeowner. Wood wanted the jury to understand that he himself had not killed someone. However, the trial court did not allow Wood to elaborate upon the details of the crime. But it did permit his counsel to enter the information into the record by avowal.

■ The Commonwealth asserts that this alleged error is unpreserved because Wood recited an erroneous statutory basis when the avowal was made. Kentucky Rule[s] of Evidence (KRE) 103 provides the standard for preservation of objections to evidence. If the objection is directed toward evidence that has been *admitted,* the specific ground of objection must be given. KRE 103(a)(1). However, if the objection concerns *exclusion* of evidence, only the substance of the evidence must be made to the court. KRE 103(a)(2). *See also Slone v. Commonwealth,* 382 S.W.3d 851, 856–57 (Ky.2012). Therefore, when Wood entered the proffered testimony as to excluded testimony by avowal, he satisfied the requirements of KRE 103. Thus, the alleged error has been preserved for our review.

■ Kentucky Revised Statute[s] (KRS) 532.055 is known as the Truth–in–Sentencing statute. *Robinson v. Commonwealth,* 926 S.W.2d 853, 854 (Ky.1996). Its purpose is to provide the jury with relevant information which may enable it to determine the appropriate sentence. *Id.* at 854–55. KRS 532.055(2)(b) allows defendants to "introduce evidence in mitigation or in support of leniency[.]" In non-capital cases, the mitigation evidence is limited to that which pertains to "the defendant's character, prior record, or the circumstances of his offense." *Neal v. Commonwealth,* 95 S.W.3d 843, 853 (Ky. 2003) (citation omitted).

Wood's proffered evidence comes within the purview of this statute. He endeavored to explain a serious charge in his prior record. Other than the charge of reckless homicide, Wood's record mostly consisted of possession of drugs and weapons. None of them involved harm to another person. We are persuaded that the reckless homicide charge was inflammatory and that Wood should have been allowed to explain the attendant circumstances to the jury. Those circumstances were in the record; the testifying witness used the plea sheets, which included the details of the crime. We must conclude that the trial court erred when it excluded Wood's mitigating evidence. Accordingly, we remand for a new sentencing phase on this issue.

■ Wood next argues that the jury instructions for the penalty phase were erroneous because they did not include an instruction regarding his failure to testify in the penalty phase. RCr 9.54 provides that the jury instructions:

> shall not make any reference to a defendant's failure to testify *unless so requested by the defendant,* in which event the court shall give an instruction to the effect that a defendant is not compelled to testify and that the jury shall not draw any inference of guilt from the defendant's election not to testify and shall not allow it to prejudice the defendant in any way.

(Emphasis added).

Wood concedes that nothing in the record indicates that he requested the instruction. Nonetheless, he asks us to review for palpable error pursuant to RCr 10.26. Our Supreme Court has provided guidance under these very circumstances:

> Baucom asserts that he is entitled to a new penalty phase hearing because the jury was not given a "no adverse inference" instruction at the penalty phase of

the trial. He concedes that this issue is not preserved [and] seeks review pursuant to RCr 10.26.

> There was no error in the trial judge's failure, *sua sponte,* to include a "no adverse inference" instruction in the penalty phase instructions. That instruction is required only when requested and no request was made in this case. RCr. 9.54(3).

*Baucom v. Commonwealth,* 134 S.W.3d 591, 593 (Ky.2004). Accordingly, there is no authority for us to reverse on these grounds.

■ Finally, the Commonwealth has filed a cross-appeal in which it argues that the trial court erred by not allowing it to introduce evidence that Wood called his wife the night before her testimony. She was the Commonwealth's key witness. The Commonwealth sought to present the evidence in order to prove Wood's guilty state of mind. The trial court excluded the evidence.

The Commonwealth admits—and we agree—that because we are affirming Wood's convictions, the issue is not proper for appeal. Although the Commonwealth correctly anticipated that we would decline to address the merits of the arguments, it nonetheless asks us to discuss the issue in order to guide the bench and bar in similar situations that may recur.

■ This argument amounts to a request for an advisory opinion. It is well established law that "[o]ur courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy." *Philpot v. Patton,* 837 S.W.2d 491, 493 (Ky.1992). The Commonwealth has not given us any grounds for its requested exception to the rule. Accordingly, we decline to address the cross-appeal.

In summary, we affirm the Jefferson Circuit Court's judgment of conviction; however, we vacate and remand as to the penalty phase of the trial.

ALL CONCUR.