RENDERED: OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1629-MR

WESLEY ALDRIDGE                                              APPELLANT


                    APPEAL FROM GRAVES CIRCUIT COURT
v.                  HONORABLE TIMOTHY C. STARK, JUDGE
                    ACTION NO. 19-CR-00197


COMMONWEALTH OF KENTUCKY                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE: Wesley Aldridge ("Aldridge") appeals, as a matter of

right, his judgement of conviction in the Graves Circuit Court for first-degree

possession of a controlled substance (methamphetamine) and possession of drug

paraphernalia. Aldridge concedes he did not preserve the issues he raises on

appeal and requests review for palpable error. Finding no error, we affirm.

On April 27, 2019, Aldridge was walking down the side of a highway when Sergeant Richard Edwards ("Sergeant Edwards") of the Graves County Sheriff's Department offered him a ride. Aldridge accepted the offer and got in the back of Sergeant Edwards's police car. After entering the car, Sergeant Edwards asked Aldridge for his name and if he had any contraband or anything dangerous in his possession. Sergeant Edwards did not promise Aldridge he would not be in trouble for whatever he had in his pockets. Aldridge gave Sergeant Edwards his name and handed him a syringe. Aldridge claimed he was diabetic. As Aldridge did not have any diabetic testing equipment in his possession, Sergeant Edwards was suspicious that the needle was for diabetes.

Sergeant Edwards called Aldridge's information into dispatch and learned Aldridge had a warrant out for his arrest. Sergeant Edwards then informed Aldridge he was under arrest and drove him to the jail. Sergeant Edwards did not search Aldridge before taking him to jail.

After taking Aldridge to jail, Sergeant Edwards performed a field test on the syringe. Although he could not see anything in the syringe, the field test was positive for methamphetamine. He logged the syringe into the Sheriff's evidence locker. Aldridge was charged with first-degree possession of a controlled substance, third or greater offense (methamphetamine)[1] and possession of drug

---

[1] KRS (Kentucky Revised Statutes) 218A.1415 (Class D felony).

paraphernalia.[2]  Thereafter, the syringe was sent to the Kentucky State Police

Crime Lab where it tested positive for methamphetamine.

Following a jury trial, Aldridge was found guilty on both counts.  He

was sentenced to 1.5 years of incarceration.  This appeal followed.

On appeal, Aldridge argues:  (1) Sergeant Edwards impermissibly

bolstered his credibility and (2) the Commonwealth introduced evidence of a

dismissed charge during the penalty phase in violation of KRS 532.055(2)(a).

Aldridge concedes he did not object to these alleged errors below and now requests

review for palpable error.

> A palpable error which affects the substantial rights of a
> party may be considered by the court on motion for a
> new trial or by an appellate court on appeal, even though
> insufficiently raised or preserved for review, and
> appropriate relief may be granted upon a determination
> that manifest injustice has resulted from the error.

RCr[3] 10.26.   An error is palpable only where it is "clear or plain under current

law[.]"  *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009) (citation

omitted).  Stated differently, an error is "palpable" when it would have been easily

perceptible, plain, obvious, and readily noticeable to the trial court.  *Gaither v.*

*Commonwealth*, 521 S.W.3d 199, 205 (Ky. 2017).

---

[2] KRS 218A.500(2) (Class A misdemeanor).

[3] Kentucky Rules of Criminal Procedure.

First, Aldridge argues Sergeant Edwards self-bolstered his trial testimony. During trial, Sergeant Edwards testified for nearly an hour. The Commonwealth began by asking Sergeant Edwards about his experience as a law enforcement officer. He testified he had worked for the Graves County Sheriff's Department since 2008. He began as a court security officer, became a patrol deputy in 2010, and was promoted to patrol sergeant in 2016. The Commonwealth then asked Sergeant Edwards if he received any commendations for his work at the sheriff's department. Sergeant Edwards listed a few awards he could remember, including an award for saving lives, a ribbon for doing CPR on patients, an award for an active shooter scenario, a hometown hero award for pulling a man out of a building following a tornado touchdown, several DUI awards, and some seatbelt awards. This portion of his testimony lasted approximately thirty-five seconds of his one-hour testimony.

Aldridge argues Sergeant Edwards's testimony about his awards amounted to impermissible self-bolstering by speculating it led the jury to believe Sergeant Edwards was a well-respected officer who was telling the truth. The Commonwealth argues Sergeant Edwards's testimony regarding his awards was admissible background information under *Tackett v. Commonwealth*, 445 S.W.3d 20 (Ky. 2014). In *Tackett*, the victim testified "she was involved in Beta Club at school and that Beta Club is for students who are involved in community service

-4-

and who have good grades and character. Tackett argue[d] that this testimony impermissibly bolstered [the victim's] other testimony." *Id*. at 32. Our Supreme Court held that although "[a] witness is not permitted to bolster her own testimony unless and until her credibility has been attacked . . . , testimony regarding a witness's background is admissible." *Id*. at 32-33 (citations omitted). Additionally, the defendant put the victim's credibility at issue during his opening statement. *Id*. at 32.

Here, although Sergeant Edwards's credibility was not at issue, testimony regarding his awards while working for the sheriff's department was admissible background information. He did not specifically discuss his character for truthfulness, and the awards were for heroic acts and not honesty. A reasonable juror could discern the distinction.

Furthermore, even if the testimony was erroneous, it was harmless error under RCr 9.24. "A non-constitutional evidentiary error may be deemed harmless, the United States Supreme Court has explained, if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error." *Winstead v. Commonwealth*, 283 S.W.3d 678, 688-89 (Ky. 2009) (citing *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)). The inquiry is "whether the error itself had substantial influence" over the jury's verdict. *Id*. at 689.

Sergeant Edwards's testimony about his awards did not substantially influence Aldridge's conviction. The material facts resulting in his conviction are not in dispute – Aldridge accepted a ride from Sergeant Edwards, he turned over a syringe upon entering the police car, and the syringe tested positive for methamphetamine. Because "the evidence was overwhelming" that Aldridge possessed a syringe containing methamphetamine, there is no way testimony about Sergeant Edwards's awards influenced the jury's verdict in this case. *Id*. Thus, there was no palpable error.

Second, Aldridge argues that, during the penalty phase, the Commonwealth introduced evidence of a prior charge that was dismissed in violation of KRS 532.055(2)(a)2. *Robinson v. Commonwealth*, 926 S.W.2d 853, 854 (Ky. 1996). During the penalty phase, a probation and parole officer read evidence of Aldridge's four prior felony convictions. The officer listed each charge Aldridge was convicted of in each of the four cases. While reading Exhibit 3, a judgment of conviction from Graves County, the officer read the charges of first-degree possession of a controlled substance, first offense (methamphetamine); second-degree possession of a controlled substance; third-degree possession of a controlled substance; and possession of drug paraphernalia. The officer immediately stated the misdemeanor possession of drug paraphernalia charge had been dismissed.

The introduction of evidence of a dismissed charge was clearly a violation of KRS 532.055(2)(a)2. However, the error was harmless. RCr 9.24. Under the palpable error standard, it is not enough for Aldridge to show "the mere possibility of prejudice." *Parker v. Commonwealth*, 482 S.W.3d 394, 407 (Ky. 2016). Instead, he is required to show "a likelihood – 'a reasonable possibility' – that, but for the error, a different sentence would have been imposed." *Id*. at 407-08 (citation omitted).

The penalty range for first-degree possession of a controlled substance is one to three years. KRS 218A.1415. Aldridge was sentence to 1.5 years of imprisonment. There is no dispute he possessed a syringe that tested positive for methamphetamine, and he had four prior felony convictions, two of which were for similar drug offenses. His sentence "is readily . . . accounted for by properly admitted evidence." *Parker*, 482 S.W.3d at 408. Aldridge failed to show any likelihood that mention of the dismissed misdemeanor resulted in being sentenced to six months over the minimum penalty of one year. Instead, evidence of his four prior felony convictions, which were properly admitted, likely influenced the sentence of 1.5 years. Therefore, there was no palpable error.

For the foregoing reasons, we affirm the judgment of the Graves Circuit Court.

ALL CONCUR.

-7-

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky