COMBS, JUDGE:
Clarence William Taylor appeals from a judgment of the Fayette Circuit Court convicting him of reckless homicide following a jury trial and sentencing him to five-years' imprisonment. After our review, we affirm.
After a fist-fight outside a gentlemen's club in Lexington, Taylor shot and killed his friend, Laroz Mitchell, in the early morning hours of February 19, 2016. Taylor ran from the scene, disposing of the handgun as he fled. Romaine Lewis, who had driven Taylor and Mitchell to the club, put Mitchell into his vehicle and drove him to the hospital. Mitchell died shortly later. Meanwhile, Taylor hid out in Louisville.
A warrant was issued for Taylor's arrest on February 23, 2016. Taylor turned himself in to a deputy from the sheriff's department the following day. Police detectives, Reid Bowles and William Brislin, interviewed Taylor and recorded his statement. Initially, Taylor denied shooting Mitchell. He explained that Mitchell had confronted him about a woman inside the club and that they had scuffled outside. Taylor said that he laughed at Mitchell because he had fallen to the ground while swinging at Taylor. Eventually, however, Taylor confessed to the detectives that Mitchell had landed three hard punches to his face.
Taylor explained that when he grabbed Mitchell's shirt, a gun fell from Mitchell's waistband. Taylor said that he picked up the gun and shot at the ground when Mitchell came at him. He explained: "I didn't mean to pull the trigger f* * * * *
*612 again, man. I didn't. I didn't mean to pull that f* * * * * * trigger again. I, I was just drunk and I was mad and he just, he, like, he was comin back at me, fam, and like, what the f* * * am I supposed to do, fam?" Taylor also indicated that the manner in which he raised the handgun had caused the trigger to just go off. On April 19, 2016, Taylor was indicted and charged with murder for the shooting death of Mitchell. At arraignment, he entered a plea of "not guilty."
On August 24, 2016, Taylor filed a motion to dismiss the indictment, claiming that he was immune from prosecution under the provisions of KRS[2] 503.085(1), which provide immunity to persons who use force in self-defense or in defense of others -- unless there is probable cause to believe that the use of force was unlawful. Taylor argued that the facts and circumstances of the case did not establish probable cause to believe that he acted unlawfully in defending himself. Following a hearing, the trial court disagreed and denied the motion.
A jury trial began on March 6, 2017, and lasted three days. At trial, Taylor declined to testify. His defense was based upon principles of self-protection and was presented through cross-examination of the Commonwealth's witnesses, his recorded statement to police detectives, and counsel's arguments to the jury. After the presentation of evidence, the jury was instructed on all degrees of homicide as well as on self-protection. After closing arguments, the jury found Taylor guilty of reckless homicide. A judgment of conviction was entered on April 26, 2017. This appeal followed.
On appeal, Taylor presents three arguments. First, he argues that he was entitled to a mistrial (or at least an admonition) based upon an improper argument made by the Commonwealth during its summation. Next, Taylor argues that he was entitled to a directed verdict because the Commonwealth failed to prove that he was not acting in self-defense. Finally, Taylor argues that the trial court erred by denying his motion for immunity pursuant to the provisions of KRS 503.085. We address the arguments in reverse order.
Where a claim of immunity is raised under the provisions of KRS 503.085, the prosecution may proceed only if the trial court believes that "there is probable cause to conclude that the force used was not legally justified" under the controlling provisions of KRS Chapter 503. Rodgers v. Commonwealth , 285 S.W.3d 740, 754 (Ky. 2009). The standard of review of such a determination is whether the trial court had a "substantial basis" for finding probable cause that the defendant's use of force was unlawful. Commonwealth v. Lemons , 437 S.W.3d 708, 715 (Ky. 2014). Probable cause is "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." Commonwealth v. Jones , 217 S.W.3d 190, 200 (Ky. 2006) (Scott, J., dissenting) (quoting United States v. Bennett , 905 F.2d 931, 934 (6th Cir. 1990) ). The court must consider the totality of the circumstances to determine whether probable cause exists to conclude that a defendant's use of force was unlawful. Rodgers , 285 S.W.3d at 754-55.
Based upon the testimony of Detective Bowles, the trial court had a substantial basis for finding probable cause existed to believe that Taylor's use of deadly force was not legally justified. In summarizing his investigation to the court, Bowles indicated that while Mitchell was (by all accounts) the initial aggressor when the men were inside the club, the fist-fighting *613 outside the club had terminated by the time that Taylor retrieved the gun and shot the victim multiple times. Detective Bowles explained that his investigation indicated that Mitchell had repeatedly apologized to Taylor and even put his arm around Taylor in a non-aggressive manner before Taylor shot him.
Although Taylor is diminutive in stature, he indicated to the detectives that Mitchell was very intoxicated and that he kept falling to the ground as he swung his fists at Taylor. Taylor admitted to the detectives that he had several opportunities to get the better of Mitchell with his fists and that Mitchell was unarmed when Taylor shot him. In fact, there was evidence indicating that Mitchell had never been armed at the scene. Taylor's decision to flee the scene, his disposal of the weapon following the shooting, and his initial denial of involvement in the shooting provide additional support for the finding of probable cause.
Taylor contends that the trial testimony varied from the testimony given by Detective Bowles at the hearing in several important respects. However, we are not persuaded that these differences are relevant. In Rodgers , the Supreme Court of Kentucky made clear that the immunity determination under KRS 503.085 is to be made upon the then-existing evidence with the burden being on the Commonwealth to establish probable cause to believe that the defendant's use of force was unlawful. Rodgers , 285 S.W.3d at 755. Once the Commonwealth meets its probable-cause burden under the provisions of KRS 503.085, the inquiry is finished. In this case, the trial court had a substantial basis for finding that the Commonwealth met its burden. Consequently, the trial court did not err by rejecting Taylor's claim of immunity and concluding that the criminal prosecution of Taylor could proceed.
Next, Taylor argues that the trial court erred by failing to direct a verdict of acquittal because the Commonwealth failed to prove that he was not acting in self-defense. We are persuaded that the conviction cannot be reversed on this basis.
While Taylor claims on appeal that he was entitled to a directed verdict of acquittal, he did not make that argument to the trial court. After the Commonwealth closed its case, Taylor's counsel argued that given Taylor's right to defend himself, the evidence was insufficient to prove intentional or wanton murder or manslaughter in the first degree. He explained to the court, "it's either a not guilty, or a manslaughter second, or reckless homicide based on the facts of the case." After the close of all the evidence, the court provided a draft of the jury instructions to the parties. Taylor's counsel did not object to the inclusion of an instruction for any of the offenses. Instead, he renewed the motion for a directed verdict without providing additional grounds for it.
We are not at liberty to review an alleged error where a defendant affirmatively waived the objection in the trial court. See Chavies v. Commonwealth , 354 S.W.3d 103 (Ky. 2011) (defendant affirmatively waived any sufficiency-of-the-evidence issue). At the close of the Commonwealth's case Taylor expressly conceded that the Commonwealth's proof was sufficient to support a conviction for the offenses of second-degree manslaughter or reckless homicide. Consequently, Taylor failed to preserve the sufficiency issue with respect to the offense of reckless homicide for appeal.
Finally, we address Taylor's contention that he was entitled to a mistrial (or at least an admonition) based upon an improper argument made by the Commonwealth during its summation. Taylor argues *614 that the Commonwealth improperly shifted the burden of proof when the prosecutor argued to the jury as follows:
There has been no evidence that [Taylor] went to a doctor. There has been no evidence that he needed anybody to check out his injuries, which he claims are so severe that he had to shoot [Mitchell].
Taylor contends that these two sentences shifted the burden of proof by suggesting that he was required to prove serious physical injury in order to prevail on his claim of self-protection as a defense. We disagree.
Where sufficient evidence has been presented by a defendant to justify an instruction on self-protection, the Commonwealth is required to disprove that defense beyond a reasonable doubt, and its absence becomes an element of the offense. Gribbins v. Commonwealth , 483 S.W.3d 370, 375 (Ky. 2016). In order to convict, the jury was required to find that Taylor was not privileged to act in self-protection. It was instructed that Taylor was privileged to use such physical force against Mitchell as Taylor believed was necessary in order to protect himself from Mitchell -- including the right to use deadly force -- but only if he believed that deadly force was necessary to protect himself from death or serious physical injury.
The Commonwealth's argument did not tell the jury "that Taylor had to prove that he suffered a serious physical injury...." Appellant's brief at 12. Instead, it was presented in response to the argument of defense counsel that magnified the extent of Taylor's injuries in order to justify his use of deadly force against Mitchell, who was unarmed. Defense counsel argued that Mitchell was physically larger than Taylor and that Taylor was concerned about great bodily harm to himself. He showed the jury photographs of Taylor's head, eye, jaw, and lip. He argued that Taylor was "[c]learly injured" and suggested that the injuries were much worse than the photographs revealed. The Commonwealth's argument in response was as follows:
Now I think it's important to note that [Taylor] didn't call the police when it really mattered. He didn't call the police after he shot [Mitchell]. He ran. He didn't take the opportunity to explain to police why what he did was justified. He just took off. There's been no evidence that he went to a hospital. There's been no evidence that he went to a doctor. There's been no evidence that he needed anybody to check out his injuries, which he claimed are so severe that he had to ... shoot [Mitchell].
This argument was entirely proper under the circumstances. Defense counsel argued that Taylor's injuries were serious enough to cause him to be in fear of great bodily harm. The Commonwealth was entitled to argue that Taylor's injuries were largely superficial and that there was no evidence to indicate that they were so severe as to put him in fear for his life or serious physical injury. Taylor was not entitled to a mistrial or an admonition to the jury. There was no error.
We affirm the judgment of the Fayette Circuit Court.
ALL CONCUR.

Kentucky Revised Statutes (KRS).