# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  JANUARY 21, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0730-MR

DEQONTAY DUNNAWAY                                           APPELLANT


V.
                ON APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
NO. 19-CR-00123


COMMONWEALTH OF KENTUCKY                                APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Deqontay Dunnaway was convicted of trafficking in a controlled substance in the first degree, first offense, and being a persistent felony offender in the first degree (PFO I), following a jury trial in the Hardin Circuit Court.  He appeals as a matter of right, asserting the trial court should have granted his motion to suppress evidence seized after a warrantless search of his vehicle.  He further asserts the trial court abdicated its gatekeeping role of determining whether evidence of his prior drug dealing was more prejudicial than probative and permitted such evidence to be introduced in violation of KRE[1] 404(b).  We affirm.

---

[1] Kentucky Rules of Evidence.

**FACTS**

On January 27, 2019, Kentucky State Police Trooper John Adams effected a traffic stop on a vehicle operated by Dunnaway for speeding and improper lane usage. Trooper Adams detected the smell of burnt marijuana as he approached the vehicle. Dunnaway was asked to exit the vehicle and accompany Trooper Adams to his cruiser. Upon questioning, Trooper Adams learned Dunnaway did not have a valid operator's license and the vehicle had been rented by Dunnaway's passenger, Adria Shouse, two days earlier. Dunnaway refused Trooper Adams' request to search the vehicle.

While Trooper Adams and Dunnaway were sitting in the cruiser, Trooper Richard Ellis arrived on scene and approached the vehicle to speak with Shouse. Trooper Ellis smelled burnt marijuana and noticed an open alcoholic beverage container in the vehicle. Shouse denied smoking marijuana and refused a request to search the vehicle.

Dunnaway and Shouse gave inconsistent stories about their travels. Dunnaway was evasive in answering some of the Troopers' questions and he became nervous and agitated when pressed about marijuana usage. Based on their observations and belief contraband was in the vehicle, the Troopers executed a warrantless search and located a black bag behind the driver's seat. Within the black bag was a sealed bag containing approximately 220 grams of cocaine and another bag containing 499 pills which appeared to be ecstasy and several of which tested positive for methamphetamine. Dunnaway and Shouse were both arrested and Dunnaway admitted the drugs belonged to him.

Dunnaway was indicted for trafficking in a controlled substance (cocaine), first degree, second or subsequent offense, trafficking in a controlled substance (ecstasy, greater than ten dosage units), second degree, second or subsequent offense, and PFO I. Dunnaway filed a pretrial motion to suppress the evidence seized, asserting the warrantless search of the rented vehicle was improper and did not fall within an exception to the warrant requirement and further, that the roadside detention was improperly extended beyond the time necessary to issue the appropriate traffic citations. Following a hearing, the trial court denied the motion. A subsequent motion to set aside or vacate the order denying suppression was likewise denied.

Prior to trial, the Commonwealth provided notice of its intent to introduce testimony about a traffic stop in Shelby County approximately three weeks prior to the instant traffic stop where Dunnaway was driving a rented car and found to be in possession of approximately 125 grams of cocaine and $20,000 in currency. Dunnaway informed the arresting officer the drugs and money were his "livelihood." The Commonwealth sought to introduce this evidence to show Dunnaway's "intent to sell, knowledge, pattern of conduct and/or absence of mistake." Dunnaway objected to the introduction of this testimony. In a written order, the trial court determined the evidence of Dunnaway's possession of drugs in a similar circumstance was relevant to whether he had the cocaine for personal use or for trafficking. Further, the trial court concluded the probative value outweighed any prejudicial effect. The order also indicated the trial court would offer a limiting admonition upon

3

presentation of the testimony at trial. The matter then proceeded to a jury trial.

During trial, the Commonwealth dismissed the trafficking charge related to ecstasy and the second or subsequent offense portion of the other trafficking charge. The jury found Dunnaway guilty of the remaining counts and recommended a sentence of twenty years' imprisonment. He was subsequently sentenced in conformity with the jury's recommendation and this appeal followed.

Dunnaway presents two allegations of error in seeking reversal of his convictions. First, he asserts the search of his vehicle was improper and the trial court should have granted his suppression motion. Second, Dunnaway argues the trial court abdicated its responsibility of screening the Commonwealth's proffered evidence of his prior drug dealing activities in a different county for which he had been charged, but not yet convicted, to determine whether it was more prejudicial than probative.

## STANDARDS OF REVIEW

Review of a trial court's denial of a motion to suppress is conducted utilizing a two-part test. We first "defer to the trial court's factual findings if they are supported by substantial evidence and only review such findings for clear error." *Bond v. Commonwealth*, 453 S.W.3d 729, 732 (Ky. 2015) (citations omitted). Then, "when the findings of fact are supported by substantial evidence, we review the court's application of the law to those facts de novo." *Id.* (citation omitted).

4

"To determine whether evidence of prior bad acts is admissible, we must decide if the evidence is relevant 'for some purpose other than to prove the criminal disposition of the accused[,]' probative as to the actual commission of the prior bad act, and not overly prejudicial under KRE 403." *Kerr v. Commonwealth*, 400 S.W.3d 250, 260 (Ky. 2013) (quoting *Meece v. Commonwealth*, 348 S.W.3d 627, 662 (Ky. 2011)); (citing *King v. Commonwealth*, 276 S.W.3d 270, 275 (Ky. 2009)). We review KRE 403 "evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Major v. Commonwealth*, 177 S.W.3d 700, 707 (Ky. 2005) (citing *Turpin v. Kassulke,* 26 F.3d 1392, 1399-400 (6th Cir. 1994)).

The standard of review for a trial court's evidentiary ruling is abuse of discretion. *Meskimen v. Commonwealth*, 435 S.W.3d 526, 534 (Ky. 2013) (citing *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007)). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

**ANALYSIS**

In challenging the warrantless search of his vehicle, Dunnaway contends the Troopers did not articulate probable cause to believe the vehicle contained evidence of criminal activity and no other exception to the warrant requirement exists.[2] He asserts his speeding, operating on a suspended license, improper

---

[2] Dunnaway has abandoned any assertion the traffic stop was impermissibly extended, and thus no further mention of this claim is warranted.

lane use and having an open alcoholic beverage container—even when taken together—did not provide probable cause to justify a warrantless vehicle search. However, Dunnaway's assertions ignore one extremely important fact which alone supported the Trooper's actions. Both officers testified[3] they detected the odor of marijuana emanating from the vehicle as they separately approached it. The trial court found this testimony to be credible and we are presented with no viable argument the testimony did not constitute substantial evidence supporting the trial court's ultimate decision. As such, the trial court's factual finding was not clearly erroneous and will not be disturbed. *English*, 993 S.W.2d at 945.

As to the trial court's application of the law to these facts, we discern no error. The automobile exception to the warrant requirement is applicable when the vehicle is readily mobile and probable cause exists to believe evidence of criminal activity may be contained in the vehicle. *Chavies v. Commonwealth*, 354 S.W.3d 103, 110 (Ky. 2011). As correctly noted by the trial court, it is well-settled in this Commonwealth that the odor of marijuana provides the probable cause necessary for officers to conduct a warrantless search of an automobile. *Dunn v. Commonwealth*, 199 S.W.3d 775 (Ky. App. 2006). Troopers validly executed the search of Dunnaway's vehicle and suppression was not required. The trial court did not err.

---

[3] Although Dunnaway contends only Trooper Ellis testified to smelling burnt marijuana, as noted by both the Commonwealth and the trial court, Trooper Adams testified he too had detected the odor of marijuana.

Finally, Dunnaway contends the trial court abused its discretion when it failed to assess the admissibility of evidence of Dunnaway's prior arrest for drug trafficking and impermissibly permitted the Commonwealth to introduce such evidence in violation of KRE 404(b). We disagree.

The Commonwealth sought to present testimony from Trooper Stuart Wiser regarding his interaction with Dunnaway on January 4, 2019, in Shelby County, Kentucky, some three weeks prior to Dunnaway's arrest in this case in Hardin County on January 27, 2019. In both instances, Dunnaway was operating a rented vehicle and was found to be in possession of a large quantity of cocaine. In Shelby County, he admitted to Trooper Wiser selling narcotics was his "livelihood." The Commonwealth plainly stated its intent in introducing evidence relative to Dunnaway's prior arrest would be limited to showing his intent to traffic cocaine and to counter any argument he possessed the drugs for his personal use.

The testimony adduced at trial exactly tracked what the Commonwealth had previously indicated it intended to offer. Trooper Wiser's testimony was relevant as it tended to make Dunnaway's intent to traffic more probable. KRE 401. The trial court was presented with this proposed testimony prior to trial and properly weighed the probative value versus the prejudicial effect as it was required to do. *Ross v. Commonwealth*, 455 S.W.3d 899, 910-11 (Ky. 2015); KRE 403. This balancing is clearly shown in the trial court's well-reasoned written order. Having reviewed the record, we cannot say the trial court abused its discretion in permitting the Commonwealth to present the jury with Trooper Wiser's testimony.

7

Further, Dunnaway suggests the pretrial ruling was undermined by the trial court's admonition to the jury that the testimony could be used by them only if they believed it was "probative and credible" to determine his intent to traffic in cocaine. We are unconvinced the trial court abdicated its role as gatekeeper in this evidentiary matter as it plainly fulfilled that role as evidenced by its pretrial order on the admissibility of the testimony. The trial court's admonition to the jury served only to ensure the jury did not use Trooper Wiser's testimony for an improper purpose in their deliberations. Again, there was no error.

## CONCLUSION

For the foregoing reasons, the judgment of the Hardin Circuit Court is AFFIRMED.

All sitting. All concur.

COUNSEL FOR APPELLANT:

William Daniel Carman
Dan Carman, Attorney at Law, PLLC

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Kristin Leigh Conder
Assistant Attorney General