RENDERED: FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0515-MR

RAMON DEJESUS AYALA                                        APPELLANT

v.          APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE JOHN D. SIMCOE, JUDGE
            ACTION NO. 21-CR-00673

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Ramon Ayala, Appellant, pleaded guilty to various amended

felony charges, reserving his right to appeal the circuit court's denial of his motion

to suppress evidence. We affirm.

## BACKGROUND

On June 23, 2021, Trooper Richard Ellis was assigned to enforce

traffic and speeding. However, he also worked on the Greater Hardin County

Narcotics Task Force. Trooper Ellis parked his cruiser on South Wilson Road in Radcliffe, which was near the Brooks Market. While there, Detective Michael Berry informed Trooper Ellis that Appellant had purchased what he believed to be a glass pipe at Brooks Market.

Appellant left the market alone in his vehicle. Trooper Ellis, on his own initiative, followed. Using radar, Trooper Ellis determined Appellant was speeding. When Appellant pulled his vehicle into a residential driveway to pick up his girlfriend, Trooper Ellis pulled in behind Appellant and activated his lights.

Trooper Ellis smelled marijuana when he approached Appellant's vehicle. He told Appellant he pulled him over for speeding. Appellant falsely identified himself, furnishing Trooper Ellis with a paper copy of a faked Kentucky RealID with Appellant's picture and the false name he gave the officer. Appellant put his hand into his left pocket, and Trooper Ellis instructed Appellant to remove his hand; Appellant refused. Trooper Ellis then tried to open the door of the vehicle, and Appellant shut the door with his right hand. Trooper Ellis eventually got Appellant out of the vehicle, and arrested him for menacing. Appellant then removed his hand from his pocket, revealing a plastic baggie of marijuana. Trooper Ellis then searched Appellant's vehicle.

As the Commonwealth notes, no testimony of record reveals what Trooper Ellis discovered when he searched Appellant's vehicle. However, a grand

jury indicted Appellant for first-degree trafficking in a controlled substance, possession of marijuana, possession of a firearm by a convicted felon, possession of drug paraphernalia, identity theft, and being a first-degree persistent felony offender. The firearm possession charge enhanced Appellant's trafficking and drug possession charges.

Appellant filed a motion to suppress, challenging the traffic stop. The circuit court held a suppression hearing, where both Trooper Ellis and Appellant testified. The circuit court denied the suppression motion. Appellant then entered a conditional guilty plea, reserving his right to appeal the circuit court's denial of his motion. Appellant now so appeals.

## STANDARD OF REVIEW

When reviewing the denial of a motion to suppress, an appellate court considers a trial court's findings of fact to be "conclusive if supported by substantial evidence." *Bauder v. Commonwealth*, 299 S.W.3d 588, 591 (Ky. 2009) (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)). "Substantial evidence is 'that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person.'" *Hunter v. Mena*, 302 S.W.3d 93, 97 (Ky. App. 2010) (citing *Bowling v. Nat'l Res. & Env't Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994)). However, appellate courts conduct a de novo review of the trial

court's application of law to its factual findings. *Commonwealth v. Jones*, 217 S.W.3d 190, 193 (Ky. 2006) (citing *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)).

## ANALYSIS

Appellant argues two grounds for reversal. First, he argues that the stop was not a legitimate traffic stop and that, if it was, Trooper Ellis lacked an articulable basis to initiate the stop.

In our view, it does not matter that Trooper Ellis activated his lights and initiated his encounter with Appellant after Appellant voluntarily parked his car in the driveway. The relevant inquiry is whether Appellant was "seized" within the meaning of the Fourth Amendment. "[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439, 111 S. Ct. 2382, 2389, 115 L. Ed. 2d 389 (1991)). Because Trooper Ellis parked his cruiser behind Appellant, activated his lights, and then approached Appellant to inform him he had been stopped for speeding, no reasonable person in Appellant's position would feel free to terminate the encounter.

Therefore, Appellant was seized and thus the constitutional protections of the Fourth Amendment are implicated. "The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S. Ct. 2574, 2578, 45 L. Ed. 2d 607 (1975) (citing *Davis v. Mississippi*, 394 U.S. 721, 89 S. Ct. 1394, 22 L. Ed. 2d 676 (1969); *Terry v. Ohio*, 392 U.S. 1, 16-19, 88 S. Ct. 1868, 1877, 20 L. Ed. 2d 889 (1968)). No matter whether the encounter between Trooper Ellis and Appellant was treated as a traffic stop or otherwise, the encounter constituted a temporary detention and thus Trooper Ellis simply needed reasonable suspicion of illegal activity in order to engage Appellant.

"There are three types of interaction[s] between police and citizens: consensual encounters, temporary detentions generally referred to as *Terry* stops, and arrests." *Baltimore v. Commonwealth*, 119 S.W.3d 532, 537 (Ky. 2003) (citing *Terry*, 392 U.S. 1, 88 S. Ct. 1868). "[A] brief investigative stop [and] detention . . . short of a traditional arrest based on reasonable suspicion does not violate the Fourth Amendment." *Id*. (citing *Terry*, 392 U.S. 1, 88 S. Ct. 1868). "Traffic stops are similar to *Terry* stops and must be supported by articulable, reasonable suspicion of criminal activity." *Baker v. Commonwealth*, 475 S.W.3d

633, 634 (Ky. App. 2015) (citing *Chavies v. Commonwealth*, 354 S.W.3d 103, 108 (Ky. 2011)).

Detaining officers have a reasonable suspicion sufficient to justify a stop where they "have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981) (citations omitted). However, "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard[.]" *United States v. Arvizu*, 534 U.S. 266, 274, 122 S. Ct. 744, 751, 151 L. Ed. 2d 740 (2002) (citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)).

Trooper Ellis plainly had a reasonable suspicion to justify engaging Appellant – using radar, Trooper Ellis observed Appellant traveling over the speed limit. Appellant argues that the traffic violation was a pretext for the police to stop Appellant based on suspected illegal drug activity. Not only does the Commonwealth decline to dispute this, it argues it is perfectly permissible for the police to conduct a pretextual stop, so long as the officer has an articulable basis to believe a traffic violation occurred. We agree. The Supreme Court has squarely rejected the argument "that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Whren v.*

*United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).  For these reasons, the circuit court did not err when it denied Appellant's suppression motion as to Trooper Ellis initiating the encounter with Appellant – whether the encounter was a traffic stop or not.

Second, Appellant challenges the warrantless search of his vehicle. Generally, warrantless searches "are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions."  *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967) (citations omitted).  The police may conduct a warrantless search of an automobile "if their search is supported by probable cause." *California v. Acevedo*, 500 U.S. 565, 579, 111 S. Ct. 1982, 1991, 114 L. Ed. 2d 619 (1991).  Such circumstances were present here.  This exception extends to containers inside an automobile, not only the cabin of the vehicle.  *Id*. at 574, 111 S. Ct. at 1988.  The Supreme Court articulated the common-sense basis for this exception nearly one hundred years ago in *Carroll v. United States*:

> [T]he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be

quickly moved out of the locality or jurisdiction in which the warrant must be sought.

267 U.S. 132, 153, 45 S. Ct. 280, 285, 69 L. Ed. 543 (1925).

The smell of marijuana coming from a vehicle provides law enforcement with the requisite probable cause to search the vehicle without a warrant. *Dunn v. Commonwealth*, 199 S.W.3d 775, 776-77 (Ky. App. 2006). Trooper Ellis testified that he plainly smelled marijuana as he approached Appellant's vehicle, which furnished him with probable cause to search it without a warrant. Because Trooper Ellis had the probable cause he needed to search Appellant's vehicle without a warrant, the circuit court committed no error in denying Appellant's motion on this point.

## CONCLUSION

Based on the foregoing, we affirm Appellant's March 22, 2022 conditional guilty plea.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Douglas E. Miller
Radcliff, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky